Filed 3/25/21  P. v. Gans CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO CHRISTOPHER GANS,<br><br>        Defendant and Appellant. | A158398<br><br>(Contra Costa County<br>Super. Ct. No. 50118505) |

Defendant Antonio Christopher Gans appeals from a post-judgment order denying his petition to recall and vacate his conviction pursuant to Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause.  The People concede the court erred by summarily denying the petition without issuing an order to show cause.  We agree with the parties and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2001, the People charged defendant and co-defendants Larry Graham and Anita Sabedra by information with the murder of Anthony Buccellato (§ 187).  The People alleged the special circumstances that

---

[1]     All further statutory references to the Penal Code unless otherwise stated.

1

defendant and Graham committed the murder while engaged in the commission or attempted commission of a robbery, kidnapping, and carjacking (§ 190.2(a)(17)). The People also charged defendant and both co-defendants with first degree residential robbery (§§ 211/212.5, subd. (a)) and kidnapping for robbery (§ 209, subd. (b)(1)), and charged defendant and Graham with carjacking (§ 215, subd. (a)). As to all counts, the People alleged defendant and Graham personally used deadly and dangerous weapons, namely defendant used a flashlight, and Graham used pliers (§ 12022, subd. (b)(1)).[2]

A jury found defendant guilty of second degree murder and first degree residential robbery and found the weapons enhancements true as to both counts. The jury also found co-defendant Graham guilty of first degree murder and first degree residential robbery and found the weapon enhancement true only as to the robbery count. The jury did not find the alleged special circumstances true as to Graham. The jury found both defendant and Graham not guilty of the charges of kidnapping for robbery and of carjacking. In 2003, the court sentenced defendant to a total term of 17 years 4 months to life.

In March 2019, defendant filed a form petition for resentencing pursuant to section 1170.95. In his form petition, defendant checked boxes indicating that: a charging document was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted at trial of second degree murder under the felony murder rule or the natural and

---

[2]    A summary of the evidence presented at trial is set out in our unpublished opinion addressing defendant's appeal from conviction, docket no. A103124. We will not restate the facts here.

2

probable consequences doctrine; and he could not now be convicted of murder because of recent changes made to sections 188 and 189. He also checked boxes indicating that he was not the actual killer and he "did not, with intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree."

The Contra Costa County Public Defender represented defendant during the litigation of this petition. Following the filing of opposition and reply briefs, the trial court summarily denied the petition. Essentially, the court found defendant ineligible based on the unpublished decision addressing defendant's appeal from conviction (the facts of which defendant did not materially dispute),[3] which indicated there was substantial evidence to support the murder conviction under an implied malice theory. Based on the unpublished opinion, the court found there was evidence of reasonable and credible value from which a reasonable trier of fact could find defendant guilty of second degree murder based on a theory of implied malice. Defendant appealed.

---

[3]     The trial court indicated its decision was based on the "record of conviction"—i.e., the information, abstract of judgment, jury instructions, minute orders, and the statement of facts in defendant's appeal from conviction—but not the trial transcript, preliminary hearing transcript, police reports, or probation reports. There is no indication in the record that the defendant objected to this. To the contrary, the court indicated that defendant did not dispute the accuracy of the facts set out in the unpublished appellate opinion and relied extensively on them himself. Defendant does not presently allege that he ever objected to the court's consideration of the record of conviction below. That said, his opening brief purports to preserve a claim that the court erred by considering the record of conviction to determine if he stated a prima facie case for eligibility under section 1170.95. This issue is currently being reviewed by the Supreme Court in *People v. Lewis*, review granted March 18, 2020, docket no. S260598.

3

## A. Overview of Senate Bill No. 1437

Section 1170.95 was enacted as part of Senate Bill No. 1437 (SB 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 accomplished this through amendments to sections 188 and 189. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Specifically, SB 1437 amended the definition of "malice" in section 188 to read: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) SB 1437 also amended the felony murder rule in section 189 to provide that a participant in the perpetration or attempted perpetration of an enumerated felony resulting in death is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Further, SB 1437 added section 1170.95, which allows defendants convicted of murder to seek retroactive relief if SB 1437's changes in the law

4

would affect their previously sustained convictions. As relevant here, section 1170.95 provides: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Subdivision (c) of section 1170.95 ("1170.95(c)") provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Case law elaborates: "[S]ection 1170.95(c) contemplates two separate assessments by the trial court of a prima facie showing: one focused on 'eligibility' for relief and the second on 'entitlement' to relief." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975 (*Drayton*).) "A petitioner is eligible for relief if he or she makes a prima facie showing of the three criteria listed

5

in section 1170.95(a)—namely he or she (1) was charged with murder 'under a theory of felony murder or murder under the natural and probable consequences doctrine,' (2) was convicted of first or second degree murder, and (3) can no longer be convicted of first or second degree murder 'because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Id.* at pp. 975–976.) "If the trial court determines a petitioner has made a prima facie showing of eligibility for relief, the court proceeds to the 'second' inquiry into the prima facie showing under section 1170.95(c). [Citation.] In this second step, the trial considers whether the petitioner has made a prima facie showing of entitlement to (rather than eligibility for) relief." (*Id.* at p. 976.)

With regard to the assessment of whether a petitioner has made a prima facie showing of "entitlement" to relief under section 1170.95(c), "the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] *However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (Drayton, supra,* 47 Cal.App.5th at p. 980, italics added.)

After issuance of an order to show cause, the statute contemplates that the court will hold a hearing to determine whether to vacate the murder

6

conviction, recall the sentence, and resentence the petitioner.  (§ 1170.95, subd. (d)(1).)  At this hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing, and the parties can rely either on the record of conviction or new or on additional evidence to meet their respective burdens.  (*Id.*, subd. (d)(3).)

### B.  Analysis

Defendant contends the trial court erred by summarily denying his petition without issuing an order to show cause.  He claims that he alleged facts showing his eligibility for relief and, in assessing whether he made the prima facie showing, the court should have assumed the truth of all the facts alleged in his petition.  Relying on *Drayton*, *supra*, 47 Cal.App.5th 965, he argues the court improperly weighed the evidence set out in his unpublished appellate opinion.

The People concede that defendant stated a prima facie case and that the court should have issued an order to show cause.  According to the People, "there is no indication in the record that appellant was ineligible for relief as a matter of law"; defendant's murder conviction could have been based on the natural and probable consequences murder doctrine or on a felony murder theory; and the unpublished opinion did not eliminate these as viable theories underlying the conviction.

Reviewing the issue de novo (*Drayton*, *supra*, 47 Cal.App.5th at p. 981), we accept the People's concession and conclude that defendant made the requisite prima facie showing.

Defendant filed a petition stating he satisfied the requirements in section 1170.95, subdivision (a).  The trial court indicated it was summarily denying the petition because the facts in the unpublished appellate decision contained evidence of reasonable and credible value from which a reasonable

7

trier of fact could find defendant guilty of second degree murder based on a theory of implied malice. But, setting aside such evidence, the unpublished opinion also indicates that the jury was instructed on the natural and probable consequences doctrine, and that "[defendant's] acquittal of first degree murder does not compel the conclusion the jury rejected a felony murder theory," for which there was substantial supporting evidence. In sum, the trial court record contained no facts refuting defendant's assertion that he had been convicted of second degree murder under the natural and probable consequences doctrine or a felony murder theory *as a matter of law*. (See *Drayton*, *supra*, 47 Cal.App.5th at p. 981.) In reaching its conclusion, the court made determinations based on matters beyond those "readily ascertainable facts" from the record. (*Id.* at p. 980.) As such, the court erred by not issuing an order to show cause.

### DISPOSITION

The order denying the petition for resentencing pursuant to section 1170.95 is reversed. The matter is remanded to the superior court with directions to issue an order to show cause (§ 1170.95, subd. (c)) and to hold a hearing pursuant to section 1170.95, subdivision (d).

8

_____
Fujisaki, Acting P.J.

WE CONCUR:


_____
Jackson, J.


_____
Wiseman, J.*


A158398


---

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.